IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEBORAH MOYER, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| GC SERVICES, LP, | § | Jury Trial Demanded |
| Defendant. | § | |

## NATURE OF ACTION

1. Plaintiff Deborah Moyer ("Plaintiff") brings this action against Defendant GC Services, LP ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

1

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7.      "To determine whether a particular collection practice violates the FDCPA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8.      "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

9.      Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Galveston, and City of Texas City.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person allegedly obligated to pay a debt.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. On or around March 21, 2019, Plaintiff retained counsel—Credit Law Center, LLC—to assist in the resolution of several accounts, including the Debt.

18. In connection with the collection of the Debt, Defendant placed a telephone call to Defendant on March 26, 2019.

19. During the ensuing conversation, Plaintiff advised Defendant that she was represented by Credit Law Center and provided her counsel's telephone number.

20. As of March 26, 2019, Defendant knew that Plaintiff was represented by counsel with respect to the Debt.

21. As of March 26, 2019, Defendant had knowledge of, or could readily ascertain, Plaintiff's counsel's name and address.

22. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on April 8, 2019.

23. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on April 9, 2019.

24. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on April 11, 2019.

25. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from the Defendant.

26. At no time did Plaintiff's counsel consent to Defendant's direct communication with Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

27. Plaintiff repeats and re-alleges each factual allegation contained above.

28. "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2).

29. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff with respect to the Debt when Defendant had knowledge that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 8, 2020

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:    602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff